# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV223 CEJ |
| | ) |
| FARMINGTON COMMUNITY | ) |
| SUPERVISION CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Christopher Morton, for leave to commence this action without payment of the required filing fee. After reviewing plaintiff's financial information, the Court will grant plaintiff's motion. *See* 28 U.S.C. § 1915. Furthermore, based upon a review of the complaint, the Court will decline to hear this action pursuant to the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine, and plaintiff's complaint will be dismissed, without prejudice.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, Christopher Morton, appears to be a resident at Farmington Community Supervision Center. He filed the instant action on February 2, 2015, pursuant to 42 U.S.C. § 1983 alleging that defendants had violated his civil rights. Named as defendants are the Farmington Community Supervision Center and several of its staff members: Kristen Peppers; Michelle Mobay; Tracy Crocker; Amanda Moore; and Deborah Nager.

Plaintiff asserts that he was required to reside at the Community Supervision Center due to his status as a Missouri Sex Offender, but that the staff at the Center "abused" him by lying on a "violation report" relating to plaintiff. Plaintiff states that he was then "revoked" and taken to St. Francois County Jail. Plaintiff requests this Court to look into his state criminal cases and "take the case over."[1]

A review of plaintiff's state criminal cases on Missouri.Case.Net shows that in November of 2012, plaintiff was arrested and charged with Age Misrepresentation with Intent to Solicit a Minor Via the Internet for Sexual Misconduct (a Felony). *See State v. Morton*, Case No. 12SF-CR02204-01 (St. Francois County Circuit Court). On March 5, 2014, plaintiff pled guilty and was sentenced to a Suspended Imposition of Sentence ("SIS"), with a five year term of supervised probation under the Missouri State Board of Probation and Parole. *Id.*

---

[1] Plaintiff additionally makes two broad statements that he was abused at the St. Francois County Jail and by police, as well as by staff at the Supervision Center. However, he has not made any personalized allegations against any of the named defendants, and his assertions are merely conclusory. These allegations are not enough to sustain § 1983 allegations against defendants at this time. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 1950-51.

Between March and December of 2014, the Board of Probation and Parole filed three probation violation reports in Case No. 12SF-CR02204-01, and on December 30, 2014, the state court entered an order suspending plaintiff's probation and issuing a capias warrant for his arrest. Plaintiff currently has a probation violation hearing scheduled for April 24, 2015. *Id.*

A review of Missouri.Case.Net shows that on September 24, 2014, plaintiff was arrested by the Farmington Police Department for being a Registered Sex Offender and Present/Loitering within 500 Feet of a Park containing a Playground or Pool (Felony). *See State v. Morton*, Case No. 14SF-CR01702 (St. Francois County Circuit Court). He was charged and released back to the Community Center. This criminal matter will be heard in conjunction with plaintiff's revocation case on April 24, 2015. *Id.*

**Discussion**

In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state criminal proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *See also, Harmon v. City of Kansas City, Missouri,* 197 F.3d 321, 325 (8th Cir. 1999); *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). In light of this directive, the Court will not involve itself in the ongoing state criminal proceeding involving plaintiff. Further, as federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). The complaint will, therefore, be dismissed.

Plaintiff has been appointed counsel in his state criminal proceedings. If plaintiff believes his appointed counsel in his state action is somehow unable to represent his interests, he

should immediately bring the matter to the attention of the state court judge who is presiding over the case in St. Francois County.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of April, 2015.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE